JOHN C. PHILLIPS *vs.* FREDERIC TUDOR.
THOMAS W. PHILLIPS *vs.* SAME.

A deed by a tenant in common of " sixty four rods, being part of " the lot held in common, passes no title in common; nor in severalty, without possession taken under it of the part claimed.

ACTIONS OF TORT for breaking and entering the closes of the plaintiffs in Nahant and removing a wall.

The actions were tried together in the court of common pleas, when it appeared by the plaintiffs' evidence that they occupied two adjoining lots of land, with dwelling-houses thereon, westerly of the road leading over Bass Neck, upon both of which lots was an old wall, a short distance from the road and nearly parallel to it: and that in May 1855 the plaintiffs moved this wall out upon the line of the road, and in October 1855 the defendant moved the wall back to its original position.

The plaintiffs claimed that the land between the old wall and the road, upon which the alleged trespasses were committed, was part of the lot laid out to Moses Hudson in the division of common lands at Nahant by commissioners in 1706, the deeds of which they held.

The defendant claimed that this land was part of the lot laid out to Robert Potter, by the same division, next eastwardly of the lot laid out to Moses Hudson, and that the old wall was the boundary between the lots of Hudson and Potter.

The defendant also claimed an interest in the Robert Potter lot, as tenant in common, and a right to remove the wall from the Robert Potter lot, where it was placed by the plaintiffs, back to the boundary between the Hudson and Potter lots.

The Potter lot was in the common pasture, and had never been inclosed; and all the lands at Nahant, not inclosed, have always been used as a common pasture by the owners of the lots laid out in 1706 ; each owner having a right in the general pasture in proportion to the land he held uninclosed. Before May 1855 the common pasture extended over the land between the old wall and the road, which is a town way running through the common pasture.

The plaintiffs showed no interest in the Potter lot, and there was no evidence of any division or partition of that lot.

The defendant put in evidence a deed of quitclaim, dated March 14th 1839, from John Stone and others to Samuel Tufts, of " a certain undivided fifth part of a lot of land, said lot in the whole containing about two and a half acres, our part of the same being about one half of an acre, undivided ; said lot is situate on Nahant, being a part of the third lot in the fourth

range;" also a deed, dated March 26th 1847, from Tufts to the defendant of "sixty four rods; being part of the third lot in same range, laid out to Robert Potter."

The Potter lot contained nearly two acres, and it was admitted by the defendant upon examination of the title, that the interest of Tufts in that lot was but thirty one and three fifths rods, and that the land between the old wall and the road contained more than that.

The plaintiffs objected that by the deed of .Tufts to the defendant the defendant took an interest in severalty in the Potter lot, and not in common, and had no right to enter upon any part of the Potter lot, except upon what he held in severalty; and as there was no evidence of his holding in severalty any part of the land between the road and the old wall, that he had no right to remove the wall, even if the plaintiffs had no title. And *Mellen*, C. J. ruled, that under the deed of Tufts the defendant could not justify entering and removing the wall; and ordered verdicts for the plaintiffs, which were returned, and the defendant alleged exceptions.

*W. C. Endicott*, for the defendant. Where a grantor, seised of a certain parcel of land, conveys a moiety or part of the same, without words of limitation or assignment in severalty, the grantee takes as tenant in common. Lit. § 299. Co. Lit. 190 *b*. *Webster* v. *Atkinson*, 4 N. H. 24. *Adams* v. *Frothingham*, 3 Mass. 362. The words "sixty four rods" merely explain the amount of the "part" conveyed, but do not indicate any assignment or limitation in severalty. It can make no difference whether a deed states the number of rods of land in the part, or states the fractional part.

Upon the same principle, if the grantor, instead of being seised of the whole parcel, is a tenant in common in the whole, and conveys a part or moiety, being his whole interest, without words of limitation or assignment in severalty, then the grantee takes as tenant in common. Under the deed from Stone and others, Tufts was seised as tenant in common of thirty one and three fifths rods (that being found upon examination of title to be all that they held) in the Potter lot. It is not to be pre-

sumed, in the absence of express words, that Tufts intended to convey an estate in severalty in any particular portion of the lot, for he did not own the whole; nor that he intended to create another estate in common, in a particular portion, within the general estate in common, unless he clearly so describes it, by naming the boundaries, or in some way designating its position, it having been in common pasture and undivided.

Where a grantor conveys a certain number of acres in a large tract, to be selected by the grantee, the grantee takes as tenant in common. Co. Lit. 48 *b.* 4 Cruise Dig. tit. 32, *c.* 21, § 44. *Jackson* v. *Livingston,* 7 Wend. 136.

It is conceded that a deed by a tenant in common of a specific portion of the lands held in common is void as to the other co-tenants, the unity of possession being destroyed. *Porter* v. *Hill,* 9 Mass. 34. *Bartlet* v. *Harlow,* 12 Mass. 348. *Peabody* v. *Minot,* 24 Pick. 329. *Mitchell* v. *Hazen,* 4 Conn. 495. *Hinman* v. *Leavenworth,* 2 Conn. 244 note. But in all those cases the land was conveyed by metes and bounds; and such a deed has never been decided to be a conveyance in severalty without metes and bounds, or something equivalent. The word " undivided " is not necessary to create a tenancy in common; and the fact that no particular estate in severalty is described shows that the estate is conveyed in common and not in severalty.

Words in a deed operate according to the intention of the parties, if by law they may; and if they cannot operate in one form, they shall operate in that which by law will effectuate the intention. Bac. Ab. Grant, I, 1. *Osman* v. *Sheafe,* 3 Lev. 372. *Goodtitle* v. *Bailey,* Cowp. 600. By holding this deed to create a tenancy in common the rights of the cotenants are not impaired, the intent of the parties is carried out, and nobody is affected, except one taking the land without title.

*G. W. Phillips & O. P. Lord,* for the plaintiffs, cited *Webster* v. *Atkinson,* 4 N. H. 21; *Canning* v. *Pinkham,* 1 N. H. 353; *Great Falls Co.* v. *Worster,* 15 N. H. 423, 454; *Adams* v. *Frothingham,* 3 Mass. 353; *Bean* v. *Thompson,* 19 N. H. 290; *Haven* v. *Cram,* 1 N. H. 93; *Longworth* v. *Bank of United States,* Wright, 51; *Walsh* v. *Ringer,* 2 Ohio, 327; *Turney* v. *Yeoman,*

16 Ohio, 24 ; *Ronkendorff* v. *Taylor*, 4 Pet. 362 ; *Cameron* v. *Irwin*, 5 Hill, 275 ; *Enfield* v. *Permit*, 5 N. H. 280 ; *Parkhurst* v. *Smith*, Willes, 332.

BIGELOW, J. The deed of Samuel Tufts, under which the defendant claimed title and justified the act of trespass alleged in the declaration, cannot be construed to convey an estate in common and undivided with the other owners of the Robert Pottei lot. There is nothing to indicate that the grantor intended to convey an undivided interest in the whole lot. On the contrary, it does not purport to convey the whole interest of the grantor, nor an undivided interest in the entire tract. It is only a grant of sixty four rods, parcel of a larger lot. He owned a certain portion or fraction of the whole lot. This he does not grant, but he conveys sixty four rods, and describes it as part of a lot, in the whole of which he was the owner of an undivided interest. The deed does not come within that class of cases where the owner of an entire tract conveys a certain part of the whole. In such cases there is no difficulty in construing the conveyance as a grant of an undivided interest in the proportion which the quantity granted bears to the whole parcel.

What was then the effect of the deed ? A conveyance in severalty of sixty four rods in a close containing a larger quantity and owned in common with others, without boundaries or other means to designate or fix the location of the land intended to be granted, if valid as against all persons except other owners in common of the whole close, cannot take effect until the grantee has entered and taken possession of the quantity of land conveyed by the deed, and thus made certain the part of the close which he claims to hold in severalty under his grant. Until such entry and possession, it is wholly uncertain what part of the close is comprehended within the grant, and the deed cannot take effect as to any specific part. There was no proof of any such entry in the present case upon the land where the trespass was committed. The defendant had no title to enter as a tenant in common, and he proved no entry upon any portion of the land to hold in severalty. *Exceptions overruled.*